IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTIS DAVIS, SR., Individually; § <br> DOROTHY O. JACKSON, Individually; § <br> and LASANDRA TRAVIS-DAVIS, § <br> Individually and as Administrator of the § <br> Estate of Bertrand Syjuan Davis, § <br>  § <br> Plaintiffs, § <br>  § <br> V. § <br>  § <br> THE CITY OF DALLAS, TEXAS and § <br> MATTHEW TERRY, § <br>  § <br> Defendants. § | | No. 3:16-cv-2548-L |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

In this action alleging use of excessive and deadly force that resulted in the death of Bertrand Syjuan Davis ("Davis"), Defendants The City of Dallas and Officer Matthew Terry have filed motions to dismiss directed at Plaintiffs' First Amended Complaint – the City moves to dismiss, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the state law claims asserted against Officer Terry, *see* Dkt. No. 26, and both Defendants move to dismiss, under Rule 12(b)(6), certain federal claims alleged in the operative complaint, *see* Dkt. No. 27. Plaintiffs have filed a combined response to both motions. *See* Dkt. No. 29. No reply brief has been filed, and the deadline to do so has passed.

United States District Judge Sam A. Lindsay referred both motions to dismiss to the undersigned United States magistrate judge for hearing, if necessary, and for

the submission of proposed findings and recommendations for disposition of the motions. *See* Dkt. No. 31. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the City's motion to dismiss the state law claims asserted against Officer Terry and grant in part and deny in part Defendants' motion to dismiss certain federal claims alleged in the First Amended Complaint.

## Legal Standards

I. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*,

841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming*, 281 F.3d at 161 (citations omitted).

The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

On a factual attack, however, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

II.   Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts

as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted).

Although the Fifth Circuit "has not articulated a test for determining when a

document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

**Analysis**

I. <u>The City's motion to dismiss the individual claims against Officer Terry</u>

The City asserts that, "[i]n addition to the Plaintiffs' federal claims brought

pursuant to 42 U.S.C. § 1983 for alleged deprivations of rights secured by the Constitution, the Plaintiffs sue the City and Officer Terry under this Court's supplemental jurisdiction for state tort claims arising from the death of [Davis], as follows: a 'negligence' claim, a 'gross negligence' claim, a survival action, and a wrongful death claim," and the City argues that, "[p]ursuant to the Texas Election of Remedies Statute, Texas Civil Practice and Remedies Code section 101.106(e)," the Court should "dismiss the Plaintiffs' state law claims against Officer Terry in his individual capacity." Dkt. No. 26 at 1-2.

Plaintiffs respond by (1) arguing that their "negligence cause of action is rather plainly stated against just the City of Dallas" and that,"[a]lthough the cause of action references the conduct of Officer Terry and the fact that he 'would be personally liable to Plaintiffs under applicable Texas law,'" "[n]o dismissal is necessary because no negligence claim has been asserted against Officer Terry individually," Dkt. No. 29 at 7 (citations omitted); (2) asserting that "[t]he wrongful death and survival claims are not subject to dismissal either because they are not separate tort claims" but rather "are simply enabling statutes that allow the deceased's estate and his statutory beneficiaries to bring the common law and other statutory claims the deceased could have brought had he not been killed by the Defendants," *id.* at 7 (citation omitted); and (3) conceding that the gross negligence claim against Officer Terry individually should be dismissed, *see id.* at 7-8.

The Texas Tort Claims Act (the "TTCA") "waives the state's immunity from suit in certain circumstances"; "covers all tort theories that may be alleged against a

governmental entity whether or not it waives that immunity"; and, particularly applicable to this motion to dismiss, provides that, "'[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.'" *Gil Ramirez Group L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 415 (5th Cir. 2015) (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(e); citation omitted). Therefore, "if a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employees, § 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462-63 (5th Cir. 2010) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658 (Tex. 2008)); *see also Quinn v. Guerrero*, 863 F.3d 353, 362 (5th Cir. 2017).

Taking Plaintiffs' second assertion first, despite their argument that the survival-action and wrongful death claims are derivative, their operative complaint asserts separate causes of action for each, and those causes of action are asserted under both the TTCA and Section 1983 and against both the City and Officer Terry. *See* Dkt. No. 25 at 32-33. And, while Plaintiffs argue that the negligence claim is asserted solely against the City, to the extent that any state common law tort claims are asserted against Officer Terry in his individual capacity, they all should be dismissed with prejudice in light of the City's motion under Section 101.106(e). *See, e.g., Kelley v. City of Dallas*, No. 3:17-cv-1015-B-BK, 2017 WL 3891680, at *7 (N.D. Tex. Aug. 17, 2017) ("In the present case, Plaintiffs chose to file state law tort claims against both the City and the Individual Defendants arising out of the same subject matter. As

such, the Individual Defendants are entitled to immediate dismissal of the claims against them with prejudice." (citations omitted)), *rec. accepted*, 2017 WL 3868257 (N.D. Tex. Sept. 5, 2017); *see also Guerrero v. City of El Paso, Tex.*, No. EP-11-CV-101-KC, 2011 WL 3880946, at *4 (W.D. Tex. Sept. 1, 2011) (finding that, by implication, "Plaintiffs assert a claim for wrongful death against both a governmental unit and its employees, which makes relevant section 101.106(e)," and then, " [p]ursuant to that section," dismissing "the claim for wrongful death against Defendants Schneider and Cordova" (citation omitted)).

II.   <u>Defendants' motion for dismissal of certain claims</u>

Through a separate motion, Defendants move to dismiss (1) "Fourth Amendment claims that Officer Terry violated [Davis's] right to equal protection and to due process ... because the Fourth Amendment is not the source of constitutional guarantees of due process or of equal protection"; (2) "the equal protection claim because the Plaintiffs fail to plead facts to permit a reasonable inference that Officer Terry treated Davis less favorably than he treated similarly situated others"; and (3) "all of the Plaintiffs' official capacity claims as to Officer Terry because the Plaintiffs have also brought suit against Officer Terry's governmental employer, the City of Dallas," and "an official-capacity suit is functionally identical to a suit against the official's governmental employer," making "the Plaintiffs' official-capacity claims against Officer Terry ... merely duplicative, and redundant." Dkt. No. 27 at 5-6.

Plaintiffs respond first that "[e]ven a cursory review of the First Amended Complaint reveals that Plaintiffs do not assert any claim against the City of Dallas or

Officer Terry for equal protection" but do acknowledge "a stray reference in Paragraph 3 of the First Amended Complaint that '[t]he Dallas City Council and Chief Brown's failure to implement the necessary policies ... deprived Bert Davis of equal protection and due process under the Fourth Amendment,'" arguing that this language "is not part of the Plaintiffs' stated causes of action and certainly does not warrant wasting more time with yet another motion to dismiss." Dkt. No. 29 at 5 (citation omitted). Plaintiffs then contend that they have not asserted any claim against Officer Terry in his official capacity. *See id.* at 6.

### A.   Due Process and Equal Protection Claims

"[A] free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person ... [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." *Graham v. Connor*, 490 U.S. 386, 388 (1989). Put another way, "*Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham*, 490 U.S. at 394); *see also Mabry v. Lee Cty.*, 168 F. Supp. 3d 940, 943-44 (N.D. Miss. 2016) ("Unlike the typical due process analysis, in Fourth Amendment seizure cases, the boundaries of the 'process that is due' are defined by Fourth Amendment principles, which are 'tailored explicitly for the criminal justice system....' *Gerstein v. Pugh*, 420 U.S. 103, 124 n. 27 (1975). This

could mean that Plaintiff's due process claims are subsumed by the Fourth Amendment. Or alternatively, it could mean that Plaintiff's due process claims, while conceptually freestanding, can never extend further than would a Fourth Amendment unreasonable seizure claim." (citations omitted)); *cf. Phelps v. Coy*, 286 F.3d 295, 299, 300 (6th Cir. 2002) ("The question of which amendment supplies [a plaintiff's] rights is not merely academic, for the standards of liability vary significantly according to which amendment applies," and, " if a plaintiff is not in a situation where his rights are governed by the particular provisions of the Fourth or Eighth Amendments, the more generally applicable due process clause of the Fourteenth Amendment still provides the individual some protection against physical abuse by officials." (citations omitted)).

It appears, based on a review of the operative complaint and Plaintiffs' response, that the reference to "due process under the Fourth Amendment" may simply acknowledge that Fourth Amendment principles apply to the Court's consideration of Plaintiffs' due process claim. And, to the extent that Defendants request that the Court dismiss a due process claim that implicates the Fourth Amendment, that request should be denied.

The complaint's reference to equal protection, however, appears to be inadvertent. Indeed, the Fourteenth Amendment's Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws," U.S. CONST. amend. XIV, § 1, which "'is essentially a direction that all persons similarly situated should be treated alike,'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432,

439 (1985)). And, in alleging an equal protection violation, a plaintiff typically claims that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Club Reno*, 568 F.3d at 212 (internal quotation marks omitted). Because that crucial allegation does not exist in the operative complaint, to the extent that an equal protection violation is alleged (inadvertently or not), that claim should be dismissed.

### B. Official Capacity Claims

"An official-capacity lawsuit is 'only another way of pleading an action against an entity of which an officer is an agent.'" *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). When an individual is sued is his official capacity, liability is imposed "'on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond.'" *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471-72, (1985)); *see also Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Where a plaintiff brings claims against both a public officer in his official capacity and the public entity for which he works, the claims "essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). And, when this occurs, the court may dismiss the claims against the public official as duplicative. *See, e.g.*, *Flores v. Cameron Cty.*, 92 F.3d 258, 261 (5th Cir. 1996) (where the district court had dismissed claims against county commissioners in their official capacities "because those claims were duplicative of the claims against the

County").

Plaintiffs appear to acknowledge these established standards by arguing in their response that they have not asserted claims against Officer Terry in his individual capacity. But, to the extent that the operative complaint can be read differently, those claims should be dismissed.

## Recommendation

The Court should grant the City's motion to dismiss the state law claims asserted against Officer Terry [Dkt. No. 26] and grant in part and deny in part Defendants' motion to dismiss certain federal claims alleged in the First Amended Complaint [Dkt. No. 27].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

   DATED: December 8, 2017

                                          _____
                                          DAVID L. HORAN
                                          UNITED STATES MAGISTRATE JUDGE