IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTIS DAVIS, SR., Individually; <br> DOROTHY O. JACKSON, Individually; <br> and LASANDRA TRAVIS-DAVIS, <br> Individually and as the Administrator of the <br> Estate of Decedent, Bertrand Syjuan Davis, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF DALLAS, TEXAS and <br> MATTHEW TERRY, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. **3:16-CV-2548-L** |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant City of Dallas's (the "City") Renewed Motion to Dismiss the Plaintiffs' State Law Claims Against the Individual Defendant, Matthew Terry (Doc. 26), filed June 16, 2017; and Defendants' Partial Motion to Dismiss the Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6)[1] (Doc. 27), filed June 16, 2017, which was referred to United States Magistrate Judge David L. Horan ("Judge Horan") for findings and recommendation.[2]

On December 8, 2017, Judge Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court

---

[1] Defendants label this motion as a "Partial Motion." As a matter of course, one cannot file a "Partial Motion." The correct title of the document should be "Defendants' Motion to Dismiss in Part the Plaintiffs' First Amended Complaint" or "Defendants' Motion for Partial Dismissal of the Plaintiffs' First Amended Complaint."

[2] Defendants in this case are the City of Dallas, Texas, and Mathew Terry (collectively, "Defendants"). Plaintiffs in this case are Otis Davis, Sr., Dorothy O. Jackson, and Lasandra Travis-Davis, individually and as the Administrator of the Estate of Decedent, Bertrand Syjuan Davis (collectively, "Plaintiffs").

**Memorandum Opinion and Order – Page 1**

grant Defendant City of Dallas's Renewed Motion to Dismiss the Plaintiffs' State Law Claims against the Individual Defendant, Matthew Terry ("Terry") (Doc. 26), as Plaintiffs' claims against Terry in his individual capacity are barred by § 101.106(e) of the Texas Civil Practice and Remedies Code; and grant in part and deny in part Defendants' Partial Motion to Dismiss the Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 27). With regard to Plaintiffs' due process claim, Judge Horan determined that Plaintiffs appear to "simply acknowledge that Fourth Amendment principles apply to the Court's consideration of Plaintiffs' due process claim" and recommended that the court deny Defendants' request, to the extent that Defendants request that the court dismiss Plaintiffs' due process claim solely because it implicates the Fourth Amendment. Report 12. With regard to Plaintiffs' equal protection claim, Judge Horan determined that Plaintiffs' First Amended Complaint ("Amended Complaint") inadvertently referenced equal protection and that no such allegation exists in the operative pleading; therefore, Judge Horan recommended that Plaintiffs' equal protection claim be dismissed. Finally, with regard to Plaintiffs' federal claims against Terry in his official capacity, Judge Horan intended to recommend that the court dismiss those claims as duplicative of Plaintiffs' claims against the City.

Plaintiffs filed objections to the Report on December 21, 2017 (Doc. 33), to which Defendants responded on January 10, 2018 (Doc. 34). On January 16, 2018, Plaintiffs filed a Reply (Doc. 35) in support of their objections to the Report without seeking or obtaining leave of court as required by the court's Order of Reference (Doc. 31). As the reply is in violation of the court's Order of Reference and leave was not granted to file it, the court will not consider the reply brief filed in support of Plaintiffs' objections in ruling on the their request for relief or the Report.

In their objections to the Report, Plaintiffs contend that the Report contains an apparent typographical error regarding the dismissal of Plaintiffs' federal claims against Terry *in his*

**Memorandum Opinion and Order – Page 2**

*individual capacity*. Judge Horan states the following in the Report after analyzing the standard for "official capacity claims:" "Plaintiffs appear to acknowledge these established standards by arguing in their response that they have not asserted claims against Officer Terry in his individual capacity. But, to the extent that the operative complaint can be read differently, those claims should be dismissed." Report 14. Plaintiffs contend that the Report should be clarified "to make it clear that only the claims against Officer Terry in his *official capacity* are dismissed as duplicative of the claims against the City, not any claims against Officer Terry in his individual capacity." Pls.' Objs. 3 (emphasis added). In response to Plaintiffs' objections, Defendants agree that the Report appears to mistakenly recommend the dismissal of Plaintiffs' federal claims against Terry in his individual capacity. The court agrees with the parties. It is obvious that this was a typographical error, and Judge Horan intended to recommend that the court dismiss Plaintiffs' federal claims against Terry in his *official capacity.*

After considering the objections de novo, the court **sustains** Plaintiffs' objection regarding the dismissal of the "individual" capacity federal claims against Terry, as the "official capacity" claims are those that should be dismissed. An "official capacity" claim against an employee is simply another way of pleading a claim against the entity of which the officer is an employee or agent, and such claim is to be treated as one against that entity. As all federal claims against Terry in his official capacity are duplicative of his federal claims against the City, they are **dismissed with prejudice**. The federal claims against Terry in his individual capacity remain, except those dismissed by this order.

With respect to the equal protection claim, as Plaintiffs concede that they do not make such claim, the court agrees with Judge Horan that it should be and is hereby **dismissed with prejudice**.

**Memorandum Opinion and Order – Page 3**

Although no order is technically needed if no equal protection violation has been alleged, the court, nevertheless, issues a dismissal of the claim to avoid any further confusion.

In their objections to the Report, out of an abundance of caution, Plaintiffs also contend that the Report should be clarified to make it clear that Plaintiffs' state law wrongful death and survival claims are only dismissed to the extent that the claims are asserted against Terry in his individual capacity. In response, Defendants contend that the court should overrule Plaintiffs' objection because their motion seeks to enforce the "mandatory and straightforward" provisions of the Texas Election of Remedies Statute." Defs.' Resp. 2. The court agrees with Judge Horan's recommendation and determines that no further clarification is necessary. In light of § 101.106(e) of the Texas Tort Claim Act and *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008), all of Plaintiffs' tort theories are barred against Terry because "all tort theories of recovery alleged against a governmental unit are presumed to be 'under the [Tort Claims Act].'" As the City has filed the necessary motion to dismiss Terry, he is entitled to dismissal as a matter of law with respect to the state law claims asserted against him. Accordingly, all state law claims, whether common law or statutory claims, are **dismissed with prejudice** against Terry in his individual capacity, and the court **overrules** Plaintiffs' clarification or objection.

Finally, insofar as the due process claim asserted under the Fourth Amendment, the court does not understand the nature of Plaintiffs' claim because the term "due process" is only mentioned in the Fifth and Fourteenth Amendments to the United States Constitution. In any event, claims regarding an unreasonable seizure, which include shootings and the use of excessive force, "should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach under the Fourteenth Amendment to the United

**Memorandum Opinion and Order – Page 4**

States Constitution." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). Thus, if such due process claim exists, it necessarily has to be considered and determined under the Fourth Amendment. Accordingly, to the extent such due process claim is being asserted, the court **denies** the City's motion to dismiss this claim.

For the reasons herein stated, the motions to dismiss (Docs. 26 & 27) are **granted in part** and **denied in part** as herein set forth.

**It is so ordered** this 27th day of March, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge