IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTIS DAVIS, SR., Individually, <br> DOROTHY O. JACKSON, Individually, <br> and LASANDA TRAVIS-DAVIS, <br> Individually and as the Administrator of <br> the Estate of Decedent, BERTRAND <br> SYJUAN DAVIS, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW TERRY, <br><br> Defendant. | §§§§§§§§§§§§§§ | Civil Action No. **3:16-CV-2548-L** |

## Court's Charge to the Jury

**Members of the Jury:**

### Introduction

Now that you have heard the evidence, it is my duty to instruct you on the law that is applicable to this case. It is your duty as jurors to follow the law as stated in this Charge and to apply the rules of law to the facts as you find them from the evidence in this case. I will instruct you regarding the law that you must apply in answering certain questions of fact in this case, and I will read to you those questions in a few minutes.

The attorneys will then have the opportunity to make their closing arguments. You are instructed that the statements and arguments of counsel are not evidence. They are intended only to assist the jury in understanding the evidence and the contentions of the parties to this lawsuit. In other words, the closing arguments made by the lawyers are their interpretations of what they believe the evidence shows or does not show. After the attorneys make their closing arguments, I

will give you some additional, brief instructions, after which you will retire to commence your deliberations.

Plaintiffs in this action are Mr. Otis Davis and Ms. Dorothy Jackson on their own individually; Ms. Lasanda Travis-Davis, individually, and on behalf of the Estate of Bertrand Davis, the decedent. I will refer to Plaintiffs collectively as "Plaintiffs." Defendant in this action is Mr. Matthew Terry. I will refer to him as "Defendant Terry."

In arriving at your verdict, it is your duty to follow the rules of law that I give to you and to find the facts of this case from the evidence introduced at trial and in accordance with these rules of law. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule or law stated by me. Do not let bias, sympathy, or prejudice play any part in your deliberations.

You must not consider or be influenced by the fact that during the trial of this case counsel have made objections to some of the testimony and exhibits, as it is their duty to do so when they believe the testimony or exhibits are contrary to the rules of evidence; and it is the duty of the court to rule on those objections in accordance with the law. Any evidence to which an objection was sustained by the court, and any evidence that was stricken by the court, must be entirely disregarded and not considered by you for any purpose. If evidence was admitted for a limited purpose, you must consider it only for that limited purpose.

You are not bound by any opinion that you might think the court has concerning the facts of this case, and if I have in any way said or done anything that leads you to believe that I have any opinions about the facts in this case, you are hereby instructed to disregard it. Further, nothing in these instructions to you is made for the purpose of suggesting to you what verdict I think you should find.

## Rights of Parties

All of the parties to this litigation, whatever their character, must be treated exactly alike insofar as their rights are concerned. This case must be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The law is no respecter of persons. In other words, all persons stand equal before the law and are to be dealt with as equals in a court of law.

## Credibility and Number of Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses, and the weight to be given to each person who testified. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony of such witness.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that particular witness.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the present testimony of that witness. If you believe that any witness has been impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that such witness was not telling the truth as he or she remembers it, because people may forget things or remember other things inaccurately with the passage of time; therefore, if a witness has made a misstatement, you need only consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the importance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

### Evidence and Inferences

Generally speaking, there are two types of evidence that a jury may consider in properly finding the truth as to the facts in this case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that point to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts from the evidence, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences and deductions from the evidence. The expression "to draw an inference" means to find that a fact exists based on proof of another fact. An inference may be drawn only if it is reasonable and logical, not if it is speculative. Therefore, in deciding whether to draw an

inference, you must consider all the facts in the light of reason, common sense, and experience. After you have done that, the question whether to draw a particular inference is for you to decide.

## Opinion Witnesses

During the course of trial, you heard the testimony of Dr. Stephanie Burton, M.D., Dr. John Peters, Ph.D., and Mr. Steven Ashley, who all expressed opinions regarding several matters. Dr. Burton expressed opinions regarding Bertrand Davis's autopsy report; Dr. Peters expressed opinions regarding police practices and procedures as they relate to nondeadly and deadly force; and Mr. Ashley expressed opinions regarding police practices and procedures as they relate to deadly force. When knowledge of technical subject matter may be helpful to the jury, a person who has special training, knowledge, skill, education, or experience in that technical field is permitted to state his or her opinion on those technical matters.

That witnesses have expressed opinions does not mean, however, that you must accept their opinions. You are to judge their testimony like that of any other witness. As with any other witness, it is up to you to decide whether to rely on it. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case. In deciding whether to accept or rely upon the testimony of any opinion witness, you may consider any bias of the witness, including any bias you may infer from evidence that they have been or will be paid for reviewing the case and testifying, or from evidence that they testify regularly as an opinion witness or their income from such testimony represents a significant portion of their income.

### Law Enforcement Witnesses

That a particular witness is law enforcement officer does not entitle his or her testimony to special consideration or any greater weight because of his or her status as a law enforcement officer. Such witnesses are to be treated as any other witness. Likewise, that a witness is a law enforcement officer does not entitle his or her testimony to any less consideration or less weight because of his or her status as a law enforcement officer.

### Filing of a Lawsuit

That a person files a lawsuit does not create an inference that the person or persons are entitled to prevail. The act of making a claim or filing a lawsuit, by itself, does not establish or prove the claim or claims alleged or asserted. As jurors, you will determine whether a claim has been proved by a preponderance of the evidence and whether a party is liable.

### Burden of Proof

The burden is on Plaintiffs to prove every essential element of their claims by a "preponderance of the evidence," unless I direct you otherwise. A preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you are to consider the testimony of all the witnesses, regardless of whom may have called them, and all the exhibits received into evidence, regardless of whom may have introduced them. If the proof should fail to establish any essential element of any of Plaintiffs' claims by a preponderance of the evidence, you must find against them with respect to that particular claim.

## Demonstrative Aids

During the course of this trial, certain exhibits were designated as demonstrative exhibits or demonstrative aids. These exhibits were used in the course of the trial to assist the jury in understanding certain facts as they were presented during the trial. Demonstrative aids or exhibits will not be available to you to review during your deliberations.

## Transcript of Recordings

During the course of this trial, Defendant Terry's Exhibit 79-A is a recording and Defendant Terry's Exhibit 79-B is a transcript of that recording. The transcript was introduced only to assist or help you understand the recording. If there is a discrepancy or inconsistency between the recording and transcript, you are to rely on the recording and not the transcript.

## Redacted Documents

Some exhibits were admitted that have certain parts deleted or redacted. Such information or material was deleted or redacted as ordered by me or agreed to by the parties for legal reasons. Accordingly, you are not to concern yourselves with the reason for the deletions or redactions; and they are to play no part in your deliberations.

## Notes of Jurors

Some of you may have taken notes. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not in evidence. If you have not taken notes, you are to rely on your independent recollection and not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## Transcript of Proceedings

An official reporter has made a record of the entire trial. A typewritten transcript of this trial, however, will not be available for your use during jury deliberations in this case.

## Stipulated Facts

A "stipulation" is an agreement between the parties. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proved here in court. No further proof is necessary to establish the truth of a stipulated fact.

In this case the parties have stipulated to the following facts:

- Defendant Terry acted "under color of state law."

- Defendant Terry was, at all relevant times, a licensed Texas police officer employed by the City of Dallas.

- The stains that were tested on the gun and on the magazine, which are noted on areas T1 and T2 of Joint Exhibit 1 and 2, were recovered from the vehicle and were confirmed to contain Bertrand Davis's DNA.

- Officers Rachel Rice and Lucas Flores arrived on the scene before Officer Scott Neal and Defendant Terry.

## Plaintiffs' Claims of Excessive Force: Nondeadly and Deadly Force

Under the Fourth Amendment to the Constitution of the United States, a citizen has the constitutional right not to be subjected to excessive force while being detained or seized by a law enforcement officer, even though the detention or attempted detention is otherwise proper under the law. Plaintiffs bring this suit against Defendant Terry pursuant 42 U.S.C. § 1983. This federal

statute allows a person to file a lawsuit against anyone who, "under color of state law," intentionally violates his or her rights under the Constitution of the United States.

Plaintiffs contend that Defendant Terry violated Bertrand Davis's constitutional rights to be protected from the use of excessive, nondeadly and deadly force during a detention or attempted detention. Specifically, Plaintiffs contend that Defendant Terry violated Bertrand Davis's constitutional rights during his attempt to detain Bertrand Davis when he (1) tased Bertrand Davis ("nondeadly force"); and (2) shot Bertrand Davis, who died as a result of being shot ("deadly force").

To prevail on their claims of excessive force (nondeadly force and deadly force), Plaintiffs must prove each of the following elements by a preponderance of the evidence as to each claim:

1. Bertrand Davis suffered an injury;
2. that resulted directly and only from Defendant Terry's use of force that was clearly excessive to the need; and
3. the excessiveness of the force used by Defendant Terry was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Bertrand Davis's right to be protected from excessive force against Defendant Terry's right to use some degree of physical coercion or threat of coercion to detain or attempt to detain him. Not every push or shove, even if it may later seem unnecessary in 20/20 hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances of the case, including the severity of the alleged crime at issue; the relationship between the need for the use of force and the amount of force used; whether Bertrand Davis posed an immediate threat to the safety of Defendant Terry or others; the extent of Bertrand Davis's injuries; any effort made by Defendant Terry to temper or limit the amount of force; the severity of the security problem at issue; the threat

reasonably perceived by Defendant Terry; and whether Bertrand Davis was actively resisting or attempting to evade detention. The use of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses an immediate threat of serious bodily harm to the officer or others. A police officer is not required to be absolutely certain that a person is in possession of a gun at the time he or she decides to use deadly force; however, a law enforcement officer may not shoot a visibly unarmed person who poses no immediate threat to the officer or others. Police officers are not required to wait until a suspect shoots to confirm that an immediate threat of serious harm exists. A police officer may not use nondeadly or deadly force against a person merely because such person is accused of setting a fire or committing a robbery.

The law allows a police officer to use force that is reasonably necessary for a law enforcement officer to detain and maintain control of a person during an attempted detention. Police officers are not required to use the least intrusive degree of force possible. The inquiry is whether the force that was used to effect or attempt a seizure was reasonable. When a suspect poses no immediate threat of serious bodily harm to the officer or to others, the harm resulting from failing to detain him does not justify the use of deadly force to do so. An officer may not normally "seize" or detain an unarmed, nondangerous suspect by killing him; however, when the officer has probable cause to believe that the suspect poses an immediate threat of serious physical harm to the officer or others, it is not constitutionally unreasonable to accomplish detention of the person or prevent escape by using deadly force. Thus, if the suspect threatens an officer with a weapon or if the officer has probable cause to believe that the suspect has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to detain the person or prevent escape, and if, where feasible, some warning has been given.

**Court's Charge to the Jury – Page 10**

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on Defendant Terry's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

If you find that Plaintiffs have proved by a preponderance of the evidence that the force used by Defendant Terry was objectively unreasonable, then he violated Bertrand Davis's Fourth Amendment right to be protected from the use of excessive force, and you must then consider whether Defendant Terry is entitled to qualified immunity. Qualified immunity prevents Defendant Terry from being liable to Plaintiffs, if you find that it exists. I will explain the defense of qualified immunity later in more detail. If Plaintiffs failed to make this showing, then the force used was not unconstitutional, and your verdict must be for Defendant Terry on the excessive force claim.

## Qualified Immunity

If you find that Plaintiffs have proved each essential element of their excessive force claims, you then must consider whether Defendant Terry is entitled to what the law calls "qualified immunity." Qualified immunity prevents Defendant Terry from being liable to Plaintiffs, even if he violated Bertrand Davis's constitutional rights. Qualified immunity exists to give law enforcement officials and other public officials room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but

plainly incompetent officers, or those who knowingly violate the law. It is Plaintiffs' burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable law enforcement officer could have believed that the force used by Defendant Terry against Bertrand Davis was lawful in light of clearly established law and the information Defendant Terry possessed at the time he used nondeadly force or deadly force. If you find, however, at the time the force was used, whether nondeadly or deadly, a reasonable officer with the same information Defendant Terry possessed could not have believed that his conduct or actions were lawful, Defendant Terry is not entitled to qualified immunity.

Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter. In this case, the clearly established law on August 27, 2015, was that a police officer could not use excessive force when attempting to detain a person, unless such person posed an immediate threat of serious bodily harm to the police officer or others.

If, after, considering the scope of discretion and responsibility generally given to police officers in performing their duties, and after considering all of the circumstances of this case as they would have appeared to a reasonable police officer at the time of Defendant Terry's use of force, you find that Plaintiffs proved no reasonable officer could have believed that the actions taken by Defendant Terry were lawful, then Defendant Terry is not entitled to qualified immunity.

**Plaintiffs' Excessive Force Claim**
*Nondeadly Force (Use of Taser)*

**Question No. 1:** Did Plaintiffs prove by a preponderance of the evidence that Defendant Terry used excessive, nondeadly force on August 27, 2015, in violation of Bertrand Davis's constitutional rights?

Answer "Yes" or "No":    **NO**

If you answered "Yes" to Question No. 1, answer Question No. 2. If you answered "No" to Question No. 1, proceed to and answer Question No. 4.


**Plaintiffs' Excessive Force Claim**
*Nondeadly Force (Use of Taser)*

**Question No. 2:** Did Plaintiffs prove by a preponderance of the evidence that Defendant Terry's use of excessive, nondeadly force on August 27, 2015, in violation of Bertrand Davis's constitutional rights, was the cause of injury to Bertrand Davis?

Answer "Yes" or "No":    _____

If you answered "Yes" to Question No. 2, answer Question No. 3. If you answered "No" to Question No. 2, answer Question No. 4.

Court's Charge to the Jury – Page 13

### Plaintiffs' Excessive Force Claim
*Nondeadly Force (Use of Taser)*

**Question No. 3:** Did Plaintiffs prove by a preponderance of the evidence that no reasonable officer could have believed that the nondeadly force used by Defendant Terry on August 27, 2015, was lawful, in light of clearly established law and the information Defendant Terry possessed at the time he used such force?

Answer "Yes" or "No": _____

After you answer Question No. 3, proceed to Question No. 4.

### Plaintiffs' Excessive Force Claim
*Deadly Force (Shooting of Bertrand Davis)*

**Question No. 4:** Did Plaintiffs prove by a preponderance of the evidence that Defendant Terry used excessive, deadly force on August 27, 2015, in violation of Bertrand Davis's constitutional rights?

Answer "Yes" or "No": **No**

If you answered "Yes" to Question No. 4, answer Question No. 5. If you answered "No" to Question No. 4, do not answer any other questions.

## Plaintiffs' Excessive Force Claim
*Deadly Force (Shooting of Bertrand Davis)*

**Question No. 5:** Did Plaintiffs prove by a preponderance of the evidence that Defendant Terry's use of excessive, deadly force on August 27, 2015, in violation of Bertrand Davis's constitutional rights, was the cause of injury to Bertrand Davis?

Answer "Yes" or "No": _____

If you answered "Yes" to Question No. 5, answer Question No. 6. If you answered "No" to Question No. 5, do not answer any other questions.

## Plaintiffs' Excessive Force Claim
*Deadly Force (Shooting of Bertrand Davis)*

**Question No. 6:** Did Plaintiffs prove by a preponderance of the evidence that no reasonable officer could have believed that the deadly force used by Defendant Terry on August 27, 2015, was lawful, in light of clearly established law and the information Defendant Terry possessed at the time he used such force?

Answer "Yes" or "No": _____

Court's Charge to the Jury – Page 15

## Final Instructions After Argument

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. Both parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in this case. Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers.

You will now retire to the jury room. In a few minutes, I will send to you this Charge and the exhibits that the court has admitted into evidence. After you receive the Charge and exhibits from the court, you are to select your presiding juror and commence your deliberations. A transcript of the testimony will not be available for your deliberations. Remember, do not begin your deliberations until after you have received this Charge and all exhibits admitted into evidence. Do not deliberate unless all jurors are present.

If during the course of your deliberations you wish to communicate with the court, you must do so only in writing by a note signed by the presiding juror, who will present it to the court security officer. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with respect to any message or question you might send, that you are not to state or specify your numerical division at the time.

During your deliberations, unless I direct otherwise, you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this Charge and your written answers to the foregoing questions to the court. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. Your presiding juror will sign in the space provided in the Verdict Form after you have reached your verdict.

Dated: March 11, 2022.

_____
Sam A. Lindsay
United States District Judge

## Verdict of the Jury

We, members of the jury, have answered the above and foregoing questions as indicated, and herewith return the same into court as our verdict.

_Donna Earnest_
Presiding Juror

Dated: March  11 , 2022.